UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLOIRDA
FORT LAUDERDALE DIVISION

CASE NO.: 14-cv-81144-DMM

DENISE PAYNE, individually,

       Plaintiff,

vs.

FLANIGAN'S ENTERPRISES, INC. d/b/a
FLANIGAN'S #12 d/b/a FLANIGAN'S
SEAFOOD BAR AND GRILL
a Florida corporation,

       Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, FLANIGAN'S ENTERPRISES, INC., by and through its undersigned attorneys, and answers the Plaintiff's Complaint as follows:

1. The Defendant admits that it operates the restaurant located at 2405 10th Avenue North, Lake Worth, Florida 33461 as alleged in paragraph 2 of the Complaint.

2. The Defendant admits that venue is proper as alleged in paragraph 3 of the Complaint.

3. The Defendant admits that it operates a place of public accommodation as defined by the ADA and it is responsible for complying with the obligations of the ADA as alleged in paragraph 6 of the Complaint.

4. The Defendant denies each and every material allegation of the Plaintiff's Complaint not specifically admitted above.

5. As a separate and affirmative defense, the Defendant would state that the Plaintiff has failed to mitigate her damages in that the Plaintiff failed to request accommodation prior to filing suit; the Defendant has at all times material hereto been willing to voluntarily accommodate the Plaintiff.

6. As a separate and affirmative defense, the Defendant would state that while it denies the allegations of paragraph 9 of the Complaint, to the extent any violations of the ADA exist, the Defendant is willing to, or has, voluntarily remedied any alleged violations without the necessity of litigation.

7. As a separate and affirmative defense, the Defendant would state that the Plaintiff has not been obligated to obtain legal counsel, but that the Defendant has at all times been willing to voluntarily remedy any ADA violations brought to the Defendant's attention without the necessity of Plaintiff retaining counsel or bringing litigation.

8. As a separate and affirmative defense, the Defendant would state that to the extent any ADA violations continue to exist, if any, it is only due to the fact that accommodation is not readily achievable and/or alternative reasonable accommodation has been provided.

WHEREFORE, the Defendant demands judgment in its favour including an award of costs.

*Denise Payne v. Flanigan's Enterprises, Inc.*
*Case No.: 14-cv-81144-DMM*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was filed with the Florida Courts E-Filing Portal/ECF and served via E-Mail this 6th day of October, 2014 to: **Daniel A. Espinosa, Esq., ESPINOSA | JOMARRON, Attorneys for Plaintiff, 4300 Biscayne Boulevard, Suite 305 Miami, FL 33137.**

       ROBERTS & DURKEE, P.A.
       *Attorneys for Flanigan's Enterprises, Inc.*
       Alhambra Towers, Penthouse I
       121 Alhambra Plaza, Suite 1603
       Coral Gables, Florida 33134
       Telephone: 305-442-1700
       Facsimile:   305-442-2559
       Roberts@rdlawnet.com

By:   s/:  H. Clay Roberts
       H. CLAY ROBERTS
       Fla. Bar No.: 262307