UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLOIRDA
FORT LAUDERDALE DIVISION

CASE NO.: 14-cv-81144-DMM

DENISE PAYNE, individually,

    Plaintiff,

vs.

FLANIGAN'S ENTERPRISES, INC. d/b/a
FLANIGAN'S #12 d/b/a FLANIGAN'S
SEAFOOD BAR AND GRILL
a Florida corporation,

    Defendant.

_____/

## CONSENT DECREE

This Consent Decree is entered into by and between DENISE PAYNE, individually, ("Plaintiff") and FLANIGAN'S ENTERPRISES, INC. ("Defendant" and together with the Plaintiff "the Parties") on the date entered by the Court (the Effective Date").

1. **The Subject Property.** Defendant is the lessee of the property known as FLANIGAN'S located at 2405 10th Ave. North, Lake Worth, Florida (hereinafter the "Subject Property"). Plaintiff alleges that there are architectural barriers existing at the Subject Property that constitute violations of the Americans with Disabilities Act ("ADA") that unlawfully limit the Plaintiff's use of the Subject Property. Defendants deny the allegations of the Plaintiff's Complaint. The Parties have determined and agreed that the remediation of the conditions identified in Exhibit "A" (the "Modification Plan"), which is attached hereto and made a part hereof, through the remedial measures as set forth in the Modification Plan, constitute such measures as are readily

achievable to bring Defendant and the Subject Property into compliance with the ADA and that such measures, upon implementation, shall constitute compliance of those conditions with the ADA to the maximum extent feasible. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

2. **Completion Date.** Defendant agrees to complete the modifications listed in the Modification Plan within eighteen months of the date of this agreement, unless a later date is agreed to by Plaintiff and Defendant for a particular item, in which case the later date will control for that particular item.

3. **Time for Modifications:** The alterations and modifications requires hereby shall be completed in all respects within eighteen months from the date of the signing of this Consent Decree (subject to the contingencies described below). Plaintiff's representatives shall be provided access to the premises upon twenty-four (24) hours notice during normal business hours to verify progress and completion of the work required hereby.

The Parties agree that in the event the Defendant has timely commenced the modifications required hereby, and have proceeded with the completion thereof in good faith and with due diligence, but have been delayed in the completion thereof due to acts of God, or events beyond control of the Defendant, then, only to the extent the failure to timely complete does not result from the Defendant's failure to act diligently and in good faith and provided that, before the expiration of time for completion of the requirements established hereby, the Defendant provides Plaintiff with written notice of the specific non-compliance and the reasons therefore, the time requirement established hereby shall he extended only to the extent necessitated by such acts of

*Denise Payne v. Flanigan's Enterprises, Inc.*
*Case No.: 14-cv-81144-DMM*

God or other events beyond the Defendant's control.

4. **Breach:** The Parties are unable to ascertain with definitiveness the value of damages Plaintiff would incur in the event that the Defendant fails to timely complete the alterations and modifications required by this Stipulation for Settlement. Plaintiff shall be entitled to award for those damages and to obtain injunctive relief from the Court to compel compliance with the terms of this Consent Decree. Additionally, in the event the modifications and alterations set forth herein are not completed timely, or Defendant otherwise fails to comply with this Consent Decree, Plaintiff shall be entitled to all reasonable attorneys' and reasonable expert's fees and costs incurred by Plaintiff to enforce the terms of this Consent Decree.

5. **Failure to Timely Complete Modifications.** The Parties agree that if the alterations and/or modifications required herein are not timely completed due to acts of God, third-parties, terrorism, war or other reasons beyond the control of the Defendant (such as a delay in obtaining or inability to obtain building permits, failure of county or city inspectors to make inspections, shortages in construction materials, contractor defaults, work stoppages due to labor related disputes or weather conditions, operational and guest service priorities, maintenance priorities, availability of materials, budgetary constraints, revenue, financial resources, work force shortages, limited resources, safety concerns, administrative and fiscal restraints, size and scope of the tasks to complete and/or changes in the Americans with Disabilities Act Accessibility Guidelines (as hereinafter defined "ADAAG") or other applicable local, state and federal codes, or the financial resources of the Defendant's parent corporation, etc.) or as a result of those factors set forth in 36 C.F.R. § 36.304 and 42 U.S.C. § 12181(9) then the Defendant shall be allowed additional time in which to complete the Modification Plan and shall not be

*Denise Payne v. Flanigan's Enterprises, Inc.*
*Case No.: 14-cv-81144-DMM*

deemed to be in violation of the compliance dates contained herein as long as the Defendant makes good faith effort to effect implementation as soon as reasonably possible thereafter. In the event any of the factors set forth herein necessitate additional time to complete the Modification Plan agreed upon by the Parties, the Defendants shall notify Plaintiff of the need for additional time to complete the required modifications. Plaintiff shall not unreasonably withhold his consent to any reasonable extension requested. The Defendant will not be deemed to violate the compliance dates herein as long as the Defendant make a good faith effort to effect implementation as soon as reasonably possible thereafter.

6. **Re-inspection by Plaintiff.** Upon written request by Plaintiff, Defendants will allow the Plaintiff to re-inspect the Subject Property with such re-inspection to occur during or within 30 days after the 18 month-period. Such notice shall be provided to Defendants in accordance with Paragraph 17 of this Consent Decree. Plaintiff's right to perform a re-inspection shall be waived if Plaintiff fails to timely provide a written request for a re-inspection to Defendants within 30 days after the 18 month period ends. Plaintiff's counsel, expert(s) and/or representatives shall, upon 3 week days advance written notice, be provided access to the Subject Property to conduct a re-inspection and to verify commencement, progress and completion of the work agreed to. Such re-inspection and verification shall be at the Plaintiff's sole cost and expense. To the extent Defendants request additional time to complete the modifications/alterations required in the Modification Plan, Plaintiffs deadline to request and perform a re-inspection, shall be extended by the corresponding time.

7. **Cure Period.** To the extent Plaintiff or his attorneys maintain that any or all of the parameters of this Consent Decree or the agreed upon Modification Plan have not been complied

with, Plaintiff shall provide written notice in accordance with Paragraph 17 of this Consent Decree to Defendant allowing it sixty (60) days to cure (or such longer period to which the parties may mutually agree in writing, the "Cure Period"). During such Cure Period, to the Parties agree to negotiate, in good faith, any dispute. Notice, as stated in this Paragraph, shall constitute a condition precedent to filing any subsequent suit or action for enforcement of this Consent Decree. Failure by Plaintiff to provide such notice to Defendant within ten (10) days following the expiration of the Notice Period set forth in Paragraph 4 shall be deemed to constitute Plaintiff's acceptance and approval of the modifications and full performance by Defendant of their obligations under this Consent Decree.

8. **Settlement.** Defendant shall pay Plaintiff's counsel, ESPINOSA / JOMARRON, Plaintiff's attorneys' fees, litigation expenses and costs incured in this matter, and for Plaintiff's expert fees and costs incurred in this matter. The amount to be paid has been established by counsel for each of the parties by separate letter agreement, and shall be in full settlement of Plaintiff's attorneys' fees, expert fees, Rule 34 inspection fees, re-inspection fees, litigation costs and other expenses in this matter.

9. **Jurisdiction of the Court.** The Court shall retain jurisdiction to enforce, as necessary, the terms of this Consent Decree.

10. **Prevailing Party.** In any action to enforce this Consent Decree, the prevailing party shall be entitled to its attorneys' fees, costs and expert fees.

11. **Successor and Assigns.** This Consent Decree shall be binding upon and inure to the benefit of the Parties and their respective successor and/or assigns. The Parties shall perform their obligations under this Consent Decree in good faith.

12. **Release.** Upon the Court's approval of this Consent Decree, Plaintiff, his employees, agents, members, partners, successors, assigns, and heirs, ("First Party") hereby releases, acquits, satisfies and discharges Defendant, its' officers, directors, members, partners, general partners, limited partners, employees, joint venture partners, asset managers, property managers, servicers, agents, affiliated or related entities, successors, assigns, predecessors, successors, stockholders, owners, representatives, parent companies, subsidiary companies, attorneys, lenders, accountants, insurers, and any other persons acting by, through, under or in concert with any of the above entities ("Second Parties") from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits "of any kind, whether based in equity or law, which First Party may have, may have had, or may hereafter raise against Second Parties, whether known or unknown, arising at any time prior to the Effective Date of this Agreement including, but not limited to those arising under Title III of the ADA, and/or any other federal, state or local law governing physical access features for persons with disabilities at places of public accommodation whether before any federal, state or local agency, court of law, or before any other forum, relating to the Subject Property, including all claims by Plaintiff for attorneys' fees, expert fees, litigation expenses, damages, and costs.

13. **References.** Any and all references to the ADAAG shall be to "Appendix A" to the 1991 ADA Standards for Accessible Design, codified at 28 C.F.R. part 36, app. A (2009) (the "ADAAG"). Words and phrases used in Exhibit A to this Agreement that have definitions provided in the ADAAG or 28 C.F.R, § 36.104 shall be construed as defined in the ADAAG or 28 C.F.R. § 36.104 (2009), as applicable. For any Modification agreed to herein, the Parties acknowledge that a particular architectural element's compliance with the standards set forth in ICC/ANSI A117.1-1998 or the 2010 ADA Standards for Accessible Design signed by Attorney General Holder on July 23, 2010 ("2010 Standards") will constitute an acceptable equivalent

facilitation to the corresponding ADAAG standards otherwise required by this Agreement. Completion of the Modifications pursuant to the ADAAG or the 2011 Standards shall be considered full compliance with the ADA. All dimensions of applicable Modifications are subject to conventional building industry tolerances for field conditions.

14. **Alternate Barrier Removal.** If in the course of carrying out the Modification Plan, the Defendant determines that some or several items required by under this Consent Decree would be technically infeasible (as defined in § 4.1.6 of the ADAAG), structurally impracticable (as defined in § 4.1.1 of the ADAAG) or not readily achievable (as defined in 28 C.F.R. §36.104) to carry out, the Defendant shall promptly notify Plaintiff and propose alternate barrier removal steps to remove the applicable barrier(s) to the maximum extent feasible and readily achievable as provided for in 28 C.F.R. § 36.304. Plaintiff shall not unreasonably withhold or delay her approval. If the Parties cannot agree on alternate barrier removal steps, the matter may be submitted to the Court for decision. In such event, there shall be no discovery allowed by either party, except that which is agreed to by the Parties as is necessary to resolve the issue in dispute, but also narrowly limited to the issue in dispute. If the Parties cannot agree on the scope of discovery, the Court may determine the extent of discovery allowed, but such discovery shall be narrowly limited to the issue in dispute.

15. **Change in Applicable Laws.** In the event any regulations or code provisions as of the Effective Date are changed by effective and binding law to be less stringent, the terms of this Consent Decree will not have to be complied with by Defendant and Defendant will be able to use the less stringent standards. However, where the terms of this Consent Decree are less stringent than the regulation or code provisions, the terms of this Consent Decree control (based upon the negotiations of the Parties and the arrangements to eliminate problems where there are matters that are infeasible). The purpose of this clause is to ensure that Defendant can either use the terms of

this Consent Decree or the code provisions, whichever are less stringent, to have the benefit of the readily achievable objectives that would be applicable, since a portion of the facility was built prior to the statutory and regulatory provisions, and the Parties are trying to work out appropriate and readily achievable objectives.

16. **Assignment.** The Parties acknowledge and agree that nothing contained herein shall prevent Defendant from assigning their obligations under this Consent Decree to a successor owner, operator, lessor or lessee of the Subject Property. Should Defendant assign their obligations under this Consent Decree to a successor owner, operator, lessor or lessee of the Subject Property, and such successor agrees in writing to assume such obligations, the Plaintiff agrees that Defendant shall be released from any and all claims or causes of actions relating to obligations set forth in this Consent Decree, including but not limited to, any action taken to enforce the terms of this Consent Decree. To the extent any cause of action or claim is brought against a successor owner, operator, lessor or lessee of the Subject Property, said cause of action or claim shall be limited solely and exclusively to an action to enforce the terms of this Consent Decree. Except for an action to enforce the terms of this Consent Decree, Plaintiff releases all successor owners, operators, lessors or lessees from all other claims or causes of action as more fully set forth in Paragraph 12, *supra*.

17. **Notice.** To the extent notice is to be provided to Plaintiff or Defendant under the terms of this Consent Decree, each notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Notice to Plaintiff shall also be sent via e-mail to Plaintiffs attorney. Notice to Defendant shall also be sent via e-mail to Defendant's attorneys. Each notice shall be effective upon being so deposited and the time period in which a response to any

notice must be given or any action taken with respect thereto shall commence to run from the date of deposit of the notice by the addressee thereof, as evidenced by the receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address, of which no notice was given, shall be deemed to be the receipt of the notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior notice thereof. The Parties' addresses for providing notices hereunder shall be as follows:

To DENISE PAYNE
106 NE 5th St.
Apt. 4
Pompano Beach, FL 33060

With a copy to:

Thomas C. Allison, Esq.
Fla. Bar No. 35242
ESPINOSA | JOMARRON
4300 Biscayne Boulevard
Suite 305
Miami, FL 33137
Telephone: (305) 717-7530
Facsimile: (305) 717-7539

To FLANIGAN'S ENTERPRISES, INC.
5059 N.E. 18th Ave.
Ft., Lauderdale, FL 33334

With a copy to:

H. Clay Roberts, Esq.
Fla. Bar No. 262307
ROBERTS & DURKEE, P.A.
Alhambra Towers, Penthouse I
121 Alhambra Plaza

*Denise Payne v. Flanigan's Enterprises, Inc.*
*Case No.: 14-cv-81144-DMM*

Suite 1603
Coral Gables, FL 33134
Telephone: (305) 442-1700
Facsimile: (305) 442-2559

18. **Tax Credit.** The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 1980 of the Internal Revenue Code.)

19. **Counterparts.** This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any party's signature shall be deemed as legally binding as the original signatures.

**SIGNATURES:**

DENISE PAYNE _____

Date: _____


FLANIGAN'S ENTERPRISES, INC.

By: _Jeffrey D. Kastner, as CFO & Sec'y_

Print Name: _JEFFREY D. KASTNER_

Its: _CFO & Secretary_

Date: _3/23/2015_

# Recommendations of the Rule 34 Inspection

## ENTRANCE ACCESS AND PATH OF TRAVEL

1. Provide a threshold of ½ inch high maximum in accordance with Sections 404.2.5, 302 and 303 of the 2010 ADA Standards.

## ACCESS TO GOODS AND SERVICES

2. Relocate the suggestion box or place an element below the object to provide cane detection in accordance with Section 307.2 of the 2010 ADA Standards.

3. Install a lowered portion of the counter which is at least 60" in length and 28" to 34" above the finish floor or ground or provide accessible tables in the same service area. Also provide accessible tables as required by Sections 902.3 of the 2010 ADA Standards.

4. Provide at least 5 percent of the seating spaces and standing spaces at the dining surfaces to comply with Sections 226.1 and 902 of the 2010 ADA Standards.

5. Re-locate the arcade games to provide clear floor space of 30" minimum by 48" minimum in accordance with Sections 602.2, 305 of the 2010 ADA Standards.

6. Re-locate the chairs and table that obstruct the path of travel in order to provide a 36" wide accessible route in compliance with Section 403.5.1 of the 2010 ADA Standards and create a policy to maintain accessible routes and clear floor spaces free of obstructions as required by Section 36.211 of the 2010 ADA Standards.

## PUBLIC ESTROOMS

### Women's Restroom

7. Locate the ISA signage on the latch side of the door to comply with Sections 703.4.1 and 703.4.2 of the 2010 ADA Standards.

8. Provide a level entrance space that extends the full width of the doorway and 18" minimum parallel to doorway beyond the latch side, and 60" minimum measured perpendicular to the door in accordance with table 404.2.4.1 or provide an automatic door in accordance with Section 404.3 of the 2010 ADA Standards.

9. Widen the door frame to at least 32" wide to comply with Section 404.2.3 of the 2010 ADA Standards.

10. Configure the stall and its elements to comply with Section 604 of the 2010 ADA Standards. Also, provide grab bars in accordance with Sections 604.8.1.5 and 609 of the 2010 ADA Standards.

11. Re-position the water closet so that the centerline of the water closet is 16" minimum to 18" maximum from the side wall to comply with Section 604.2 of the 2010 ADA Standards and with the top of seat at 17" minimum to 19" maximum AFF to comply with Section 604.4 of the 2010 ADA Standards. Also, locate the flush control on the open side of the water closet to comply with Sections 604.6 and 309 of the 2010 ADA Standards.

EXHIBIT A

12. Provide a baby changing station that complies with Section 604.9.6 of the 2010 ADA Standards.

13. Provide stall door hardware that complies with Section 309.4 of the 2010 ADA Standards. Also, provide a self-closing stall door that complies with Section 404.2.6 of the 2010 ADA Standards.

14. In the stall, relocate or otherwise provide a coat hook at a maximum height of 48" AFF where a clear floor space of 30" minimum by 48" minimum is provided for an unobstructed forward or parallel approach in accordance with Sections 213.3.7, 604.8.3, 308 and 305.5 of the 2010 ADA Standards.

15. Provide the required clear floor space to access the paper towel dispenser in accordance with Section 404.2.4 of the 2010 ADA Standards.

16. Re-locate the trash can and supplies to provide knee clearance in accordance with Section 36.211 of the 2010 ADA Standards.

17. Adjust the door pressure in accordance with Section 404.2.9 of the 2010 ADA Standards

**Men's Restroom**

18. Locate the ISA signage on the latch side of the door to comply with Sections 703.4.1 and 703.4.2 of the 2010 ADA Standards.

19. Adjust the door pressure in accordance with Section 404.2.9 of the 2010 ADA Standards.

20. Widen the door frame to at least 32" wide to comply with Section 404.2.3 of the 2010 ADA Standards.

21. Configure the stall and its elements to comply with Section 604 of the 2010 ADA Standards. Also, provide grab bars in accordance with Sections 604.8.1.5 and 609 of the 2010 ADA Standards.

22. Provide stall door hardware that complies with Section 309.4 of the 2010 ADA Standards. Also, provide a self-closing stall door that complies with Section 404.2.6 of the 2010 ADA Standards.

23. In the stall, re-locate or otherwise provide a coat hook at a maximum height of 48" AFF where a clear floor space of 30" minimum by 48" minimum is provided for an unobstructed forward or parallel approach in accordance with Sections 213.3.7, 604.8.3, 308 and 305.5 of the 2010 ADA Standards.

24. Re-locate the trash can and supplies to provide knee clearance in accordance with Section 36.211 of the 2010 ADA Standards.

---

\* As an alternative, one of the restrooms can be converted to a unisex accessible restroom which may reduce the costs of barrier removal in the other restroom.